UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
CHRISTA J. JOHNSON and ERIK JOHNSON,

                Plaintiffs,

    -against-

UNITED STATES OF AMERICA,

                Defendant.
---------------------------------------------------------------------X

Docket No.: 2:21-cv-02851

**AMENDED
E-FILED VERIFIED
COMPLAINT**

Plaintiffs, by their attorneys, GRUENBERG KELLY DELLA, complaining of the Defendants, respectfully alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF CHRISTA J. JOHNSON

1. That at all times herein mentioned, plaintiffs were, and still are, residents of the County of Suffolk, State of New York.

2. That at all times herein mentioned, defendant, UNITED STATES OF AMERICA, was and still is a government corporation doing business in the State of New York.

3. That this action is based upon the Federal Tort Claims Act 28, U.S.C. 1346(b) 2671-80.

4. That the amount in controversy exceeds the sum of $150,000.00 exclusive of costs and interest.

5. That on July 31, 2020, a claim was filed with the United States General Services Administration, detailing the facts of the accident involved and injuries and damages sustained by the plaintiffs herein.

6. That the defendant has refused and/or otherwise failed to resolve or settle plaintiffs' claim.

7. That the cause of action alleged herein arose in the State of New York, County of Suffolk.

8. That this action falls within one or more of the exemptions set forth in CPLR §1602.

1

9. That pursuant to the Federal Tort Claims Act, this action is being instituted against the United States of America rather than against the United States General Services Administration, the government agency involved herein.

10. That at all times herein mentioned, defendant, RYAN LASHOMB, was, and still is, a resident of the County of Suffolk, State of New York.

11. That on February 20, 2019, and at all times herein mentioned, defendant, RYAN LASHOMB, was, and still is, an employee of defendant, UNITED STATES OF AMERICA.

12. That on February 20, 2019, and at all times herein mentioned, defendant, UNITED STATES OF AMERICA, was the owner of a 2014 Ford motor vehicle bearing New York State registration number G130930R.

13. That on February 20, 2019, and at all times hereinafter mentioned, defendant, RYAN LASHOMB, operated the aforementioned motor vehicle bearing New York State registration number G130930R.

14. That on February 20, 2019, and at all times hereinafter mentioned, defendant, RYAN LASHOMB, operated the aforementioned motor vehicle bearing New York State registration number G130930R with the knowledge, permission and consent of its owner, the defendant, UNITED STATES OF AMERICA.

15. That on February 20, 2019, and at all times hereinafter mentioned, defendant, RYAN LASHOMB, operated the aforementioned motor vehicle bearing New York State registration number G130930R within the scope and course of his employment with defendant, UNITED STATES OF AMERICA.

16. That at all times hereinafter mentioned, defendant, UNITED STATES OF AMERICA, managed the aforesaid motor vehicle bearing New York State registration number G130930R.

17. That at all times hereinafter mentioned, defendant, RYAN LASHOMB, managed the aforesaid motor vehicle bearing New York State registration number G130930R.

18. That at all times hereinafter mentioned, defendant, UNITED STATES OF AMERICA, maintained the aforesaid motor vehicle.

19. That at all times hereinafter mentioned, defendant, RYAN LASHOMB, maintained the aforesaid motor vehicle.

20. That at all times hereinafter mentioned, defendant, UNITED STATES OF AMERICA, supervised the aforesaid motor vehicle.

21. That at all times hereinafter mentioned, defendant, RYAN LASHOMB, supervised the aforesaid motor vehicle.

22. That at all times hereinafter mentioned, defendant, UNITED STATES OF AMERICA, controlled the aforesaid motor vehicle.

23. That at all times hereinafter mentioned, defendant, RYAN LASHOMB, controlled the aforesaid motor vehicle.

24. That at all times hereinafter mentioned, defendant, UNITED STATES OF AMERICA, inspected the aforesaid motor vehicle.

25. That at all times hereinafter mentioned, defendant, RYAN LASHOMB, inspected the aforesaid motor vehicle.

26. That at all times hereinafter mentioned, defendant, UNITED STATES OF AMERICA, repaired the aforesaid motor vehicle.

27. That at all times hereinafter mentioned, defendant, RYAN LASHOMB, repaired the aforesaid motor vehicle.

28. That at all times hereinafter mentioned, plaintiff, CHRISTA J. JOHNSON, was the owner of a 2012 Honda motor vehicle bearing New York State registration number GWT3324.

29. That at all times hereinafter mentioned, plaintiff, CHRISTA J. JOHNSON, operated the aforesaid motor vehicle bearing New York State registration number GWT3324.

30. That at all times hereinafter mentioned, East Main Street and Route 111, Smithtown, New York 11787, were public roadways and/or thoroughfares.

31. That on February 20, 2019, defendant, RYAN LASHOMB, operated the vehicle owned by defendant, UNITED STATES OF AMERICA, at the aforementioned location.

32. That on February 20, 2019, plaintiff, CHRISTA J. JOHNSON, operated her vehicle at the aforementioned location.

33. That on February 20, 2019, at the aforementioned location, the motor vehicle owned by defendant, UNITED STATES OF AMERICA, and operated by defendant, RYAN LASHOMB, came into contact with the rear-end of a motor vehicle owned and operated by non-party Briana M. Ingram, causing non-party, Ingram's vehicle to make contact with the rear of the motor vehicle being operated by plaintiff, CHRISTA J. JOHNSON.

34. That as a result of the aforesaid contact, plaintiff, CHRISTA J. JOHNSON, was injured.

35. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the defendants without any fault or negligence on the part of the plaintiff contributing thereto.

36. That defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, control, inspection and repair of the aforesaid

4

vehicle and the defendants were otherwise negligent, careless, reckless and grossly negligent.

37. That by reason of the foregoing, plaintiff, CHRISTA J. JOHNSON, sustained severe and permanent personal injuries; and plaintiff, CHRISTA J. JOHNSON, was otherwise damaged.

38. That plaintiff, CHRISTA J. JOHNSON, sustained serious injuries as defined in Subdivision d of §5102 of the Insurance Law-Recodification.

39. That plaintiff, CHRISTA J. JOHNSON, sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law.

40. That plaintiff, CHRISTA J. JOHNSON, is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

41. That this action falls within one or more of the exceptions as set forth in CPLR §1602.

42. That by reason of the foregoing, plaintiff, CHRISTA J. JOHNSON, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF ERIK JOHNSON

43. Plaintiff, ERIK JOHNSON, repeats, reiterates and realleges each and every allegation contained in the First Cause of Action with the same force and effect as though same more fully set forth at length herein.

44. That at all times hereinafter mentioned, plaintiff, ERIK JOHNSON, is the spouse of the plaintiff, CHRISTA J. JOHNSON, and as such was entitled to the society, services and

consortium of his spouse, the plaintiff, CHRISTA J. JOHNSON.

45. That by reason of the foregoing, plaintiff, ERIK JOHNSON, has been deprived of the society, services and consortium of the plaintiff, CHRISTA J. JOHNSON, and may forever be deprived of said society, services and consortium.

46. That by reason of the foregoing, plaintiff, ERIK JOHNSON, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

WHEREFORE, plaintiffs demand judgment against the defendants on the First Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction and on the Second Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Ronkonkoma, New York
       June 3, 2021

Yours, etc.

_____
SEAN KELLY
Gruenberg Kelly Della
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110
Our File No. 190380

# INDIVIDUAL VERIFICATION

STATE OF NEW YORK
COUNTY OF SUFFOLK               SS.:

___Christa J. Johnson___ being duly sworn deposes and says:

I am the plaintiff(s) herein; I have read the annexed

___Amended Complaint___

and know the contents thereof and the same are true to my knowledge, except for those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

x ___Christa J. Johnson___

Sworn to before me this
_3_ day of _June_, 20_21_

_____
Notary Public

*[Notary Seal: ALEXA FRECHEN, Suffolk County, NOTARY PUBLIC, 01FR6331439, Commission Expires October 13, 2023, STATE OF NEW YORK]*